## LAFLIN & FIELD *vs.* RELYEA.

An execution against the goods and chattels and real estate of a party, against whom the judgment in a court of record has been obtained, which execution is in the form prescribed by the twenty-fourth section of the title of the revised statutes relative to executions and the duties of officers thereon, is sufficient to authorize the sheriff to sell any chattels real of the defendant which are bound by the lien of the judgment.

January 15.

THIS was an application for the appointment of a receiver upon a creditor's bill. On the part of the defendant it was insisted that the complainants had not exhausted their remedy at law; as the form of the execution which had been issued, as stated in the bill, did not authorize the sheriff to sell the chattels real of the defendant.

*Ira Harris,* for the complainants.

*J. Holmes, jun.,* for the defendant.

THE CHANCELLOR. The execution which was issued against the defendant, as stated in the complainants' bill, was in the form contemplated by the legislature when it was intended to reach the real as well as the personal estate of the judgment debtor. The second section of the title of the revised statutes relative to executions, and the duties of officers thereon, (2 *R. S.* 363,) which was relied on by the defendant's counsel on the argument, does not profess to give the form of the execution to be issued on judgments in courts of record. But the 24th section of that title directs what shall be the form of the execution to authorize the sale of real estate. It must command the sheriff to make the amount of the judgment of the goods and *chattels,* of the judgment debtor, and, if sufficient goods and chattels cannot be found, that he cause the amount due to be made of the *real estate* of which such debtor was seized at the time of docketing the judgment, or at any time afterwards. (2 *R. S.* 367.) If the term real estate, as used by the legislature in this section of the revised statutes, was intended to embrace *chattels real,* on which, by a previous section, the judgment is declared to be a lien as well as upon freehold

estates, then the execution in its terms was calculated to reach every part of the property, both real and personal, of the defendant, which was liable to be sold to satisfy the judgment. And the legal effect of the execution so far as this case is concerned was probably the same, if chattels real were not embraced in the term real estate as used in the last clause of the execution ; which clause was intended to cover real estate aliened after the docketing of the judgment. The word chattels, as used in the previous clause, in its legal sense includes chattels real as well as chattels personal. (1 *Toml. Law Dict. Art. Chattels.*) And it was by the use of this word alone that chattels real were reached on a common law execution. It could not have been the intention of the legislature to require the issuing of several executions to reach all the property of the judgment debtor which was liable to be sold on execution in the same county. And the legislature having declared that the judgment should be a lien upon chattels real, as well as on freehold interests in real estate, from the time of docketing the judgment, and that the same should be subject to sale on the execution, the form of the execution as prescribed in the 24th section of the title before referred to must be construed to embrace all such chattel interests, either within the first or the second clause thereof. The sheriff therefore, upon such an execution as was issued in this case, was author zed to sell all property of the defendant which was liable to be sold under any execution which could have been issued upon the judgment. And his return, that the defendant had no goods or chattels, lands or tenements whereof he could levy the debt and costs due to the complainants, is the legal evidence of the fact that the remedy of the complainants at law was exhausted before the filing of this bill.

Order for the appointment of a receiver, in the usual form.